UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DAVID MARSHALL CAMPBELL,

                Plaintiff,                    Case No. 1:16-cv-339

v.                                           Honorable Robert Holmes Bell

JEFF MILLS et al.,

                Defendants.
_____/

## OPINION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for reasons of immunity and for failure to state a claim.

**Factual Allegations**

Plaintiff is incarcerated with the Michigan Department of Corrections (MDOC) at the Saginaw Correctional Facility.  The events that form the basis for Plaintiff's complaint occurred while he was incarcerated at the Saginaw Correctional Facility; but they do not relate to the conditions of his confinement.  Instead, Plaintiff complains that Michigan Supreme Court clerks Jeff Mills and Larry S. Royster violated his First Amendment right to access the courts and his Fourteenth Amendment rights to due process and equal protection.  Plaintiff contends Defendants violated those rights based on their role in denying or refusing to submit for consideration Plaintiff's motion to waive fees for an application for leave to appeal that Plaintiff filed in the Michigan Supreme Court on February 12, 2015.

On June 5, 2014, Plaintiff filed a complaint for mandamus in the Michigan Court of Appeals relating to the criminal proceedings that resulted in his incarceration.  The court of appeals considered the filing of that complaint as the initiation of a new civil action.  Accordingly, the court ordered Plaintiff to pay an initial partial filing fee and ordered the MDOC to deduct funds from Plaintiff's account to permit payment of the entire fee.  Plaintiff objected to payment of a civil filing fee.  He contended the action was merely a continuation of the criminal proceeding.  The court of appeals concluded otherwise.  *See Campbell v. Roscommon Circuit Court*, No. 322123 (Mich. App. August 8, 2014).

Plaintiff sought leave to appeal in the Michigan Supreme Court:

Plaintiff appealed to the Michigan Supreme Court, insisting the case was a criminal matter and no filing fees were applicable.  That court ordered Plaintiff to pay more filing fees, apparently not even considering the Appeal issues.  Plaintiff sent an Objection to the court, again insisting the case was a criminal matter, and asking the court to rescind its Order.  The final paragraph fo the Objection stated that if the

- 2 -

Order was not rescinded, Plaintiff Motion To Waive/Suspend Filing Fees, which accompanied the Objection, was to be presented to the court for consideration. The Motion stated that Plaintiff did not expect to be able to pay the Initial Partial Filing Fee, "at anytime in the near future." Defendant clerk Mills responded to, and actually ruled on and denied, the Objection and Motion, insisting that Plaintiff must pay the Initial Partial Filing Fee. Plaintiff wrote a letter to Defendant clerk Mills, again asking that the Motion be presented to the court for consideration because Plaintiff did not have the funds to pay the Initial Partial Filing Fee.

Defendant clerk Royster responded to Plaintiff's letter, again insisting that Plaintiff pay the initial fee, and threatening that the case would be dismissed if the fee was not paid. Plaintiff sent a letter to Defendant clerk Royster again stating that Plaintiff did not have the finances to pay the Initial Partial Filing Fee, and Plaintiff enclosed with that letter, a copy of the Motion to Waive/Suspend Filing Fees to be presented to the court for a ruling. Defendant clerk Royster responded by again demanding payment of the filing fee, while knowing Plaintiff did not have the money to pay the fee, and again threatening dismissal of the case if the fee was not paid. The letter was dated April 2, 2015 and was not received by Plaintiff until April 14, 2015, the same day the case was dismissed for non-payment of the Initial Partial Filing Fee. The Honorable Court should be informed that the Defendants made many untruthful statements in their responses to Plaintiff's letters.

(ECF No. 1, PageID.6-7.) Plaintiff does not attach the offending correspondence from the Defendants. The Michigan Supreme Court docket shows that letters were sent to Plaintiff on March 5 ("sent response to AT's objection, 21 days to submit initial partial filing fee"); March 23 ("Ltr to PLAT: Pay $24 partial fee and acknowledge respon by 4/13/15 or case will be admin closed."); and April 2 ("Clerk's response to previous corresp from pro per"). Appellate Docket Sheet, http://courts.mi.gov/opinions_orders/case_search/pages/default.aspx#CaseNumber (search case number 151045).

It appears that Defendants were simply giving effect to the order of the Michigan Supreme Court:

On order of the Chief Justice the motion to waive fees is considered and it is DENIED because MCL 600.2963 requires that a prisoner pursuing a civil action be liable for filing fees.

- 3 -

Within 21 days of the certification of this order, plaintiff shall pay to the Clerk of the Court the initial partial filing fee of $24.00, shall submit a copy fo this order with the payment, and shall refile the copy of the pleadings which is being returned with this order.  Failure to comply with this order shall result in the appeal not being filed in this Court.

If plaintiff timely files the partial fee and refiles the pleadings, monthly shall be made to the Department of Corrections in an amount of 50 percent of the deposits made to plaintiff's account until the payments equal the balance due of $351.00. This aount shall then be remitted to the Court.

Pursuant to MCL 600.2963(8) plaintiff shall not file further appeals in civil actions in this Court until the entry fee in this case is paid in full.

The Clerk of the Court shall furnish two copies of this order to plaintiff and return plaintiff's pleadings with this order.

*In re Campbell*, 858 N.W. 2d 480 (Mich. 2015).[1]  Because Plaintiff never paid the partial filing fee, his file was closed.  *In re Campbell*, 861 N.W. 2d 288 (Mich. 2015) ("On order of the Chief Justice, plaintiff-appellant having failed to pay the partial filing fee as required by the order of February 12, 2015, the Clerk of the Court is hereby directed to close this file.").

Plaintiff seeks $100,000.00 in punitive damages from each Defendant. He also asks this Court to take supplemental jurisdiction of the underlying state court action.[2]  He further seeks an order from this Court directing the state courts to characterize his action in the state appellate courts as a criminal action, directing the state court of appeals to "do its lawful duty to correct the

---

[1]Plaintiff's claims are premised on his contention that MICH. COMP. LAWS § 600.2963 either should not have been appplied to his appeal or should not have prevented him from proceeding because he was unable to pay the initial partial filing fee.  The statute requires the collection of an initial partial filing fee and the balance of the filing fee over time for civil actions filed by prisoners under the jurisdiction of the MDOC.  *Id.*

[2]Plaintiff's state court action asked the state appellate courts to compel the state trial court, the court that sentenced Plaintiff in 1979 to life imprisonment, to resentence Plaintiff to a term of years so that he might receive the good time credits he was promised by the court nearly forty years ago.

- 4 -

impropriety (broken promise) committed by the lower court[,]" and ordering the trial court to resentence Plaintiff.

### Discussion

#### I.    Immunity

The individual Defendants are immune from a suit for money damages. Under the doctrine of judicial immunity, generally a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.") (internal quotations omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity is extended to non-judicial officers who perform "quasi-judicial" duties. "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842 (6th Cir. 1994) (probate court administrator entitled to quasi-judicial immunity for his role in carrying out the orders of the court) (citing *Scruggs v. Moellering*, 870 F.2d 376 (7th Cir. 1989)); *see also Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir. 1997) (one who acts as a judge's designee in carrying out a function for which the judge is immune is also protected from suit seeking monetary damages); *Foster v. Walsh*, 864 F.2d 416, 417-18 (6th Cir. 1988) (clerk of court was entitled to quasi-judicial immunity for issuing a warrant as directed by the court); *accord Carlton v. Baird*, No. 03-1294, 2003 WL 21920023, at *1 (6th Cir. Aug. 8, 2003) (state court clerk's office employees were entitled to quasi-judicial immunity from state prison inmate's § 1983 claim); *Lyle*

*v. Jackson*, No. 02-1323, 2002 WL 31085181, at *1 (6th Cir. Sept. 17, 2002) (quasi-judicial immunity applied to claims against state court clerks who allegedly failed to provide prisoner with requested copies of previous filings and transcripts); *Bradley v. United States*, 84 F. App'x 492 (6th Cir. 2003) (federal court clerk).  *Cf. Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 437 & n.11 (1993) (court reporter not entitled to absolute immunity for preparing transcripts because that function is ministerial; it does not exercise the kind of judgment protected by judicial immunity).

Here, the allegations in the complaint, the Michigan Supreme Court docket, and the orders of that court reveal that Defendant Mills returned Plaintiff's application for leave to appeal at the direction of the court after the court had denied Plaintiff's motion to waive fees.  Defendant Mills communicated the court's direction that Plaintiff was required to pay an initial partial filing fee and refile his application for leave to appeal.  When Plaintiff responded with an objection and attempted to file another motion to waive fees, Defendant Mills again communicated the court's direction from its February 12, 2015 order.  Plaintiff again objected.  Based on Plaintiff's description, Defendant Royster's response did nothing more than communicate the court's direction from its order denying the motion to waive fees.  Defendants Mills and Royster were clearly acting on behalf of the court when they returned Plaintiff's application for leave to appeal and communicated the court's direction to pay an initial partial filing fee and refile the application.  Because Defendants Mills and Royster are entitled to quasi-judicial immunity, Plaintiff may not maintain an action against them for monetary damages.

II.    Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

- 7 -

Even if Defendants were not immune from suit under § 1983, Plaintiff's complaint would be properly dismissed. First, to the extent that Plaintiff challenges Defendants' application of MICH. COMP. LAWS § 600.2963 to his request for pauper status, he challenges the state courts' interpretation of a Michigan statute. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Plaintiff's assertion that Defendants violated state law therefore fails to state a claim under § 1983.

Second, to the extent that Plaintiff raises an "as-applied" challenge to MICH. COMP. LAWS § 600.2963(3) and (5) (which require prisoners to pay an initial partial filing fee and the balance of the filing fee over time) or (7) (which permits the court to suspend the initial partial filing fee) his claim is not cognizable in this action. The federal courts are courts of limited jurisdiction, and Plaintiff has the burden of proving the Court's jurisdiction. *United States v. Horizon Healthcare*, 160 F.3d 326, 329 (6th Cir. 1998). Even where subject matter jurisdiction is not raised by the parties, the Court must consider the issue *sua sponte*. *See City of Kenosha v. Bruno*, 412 U.S. 507, 511 (1973); *Norris v. Schotten*, 146 F.3d 314, 324 (6th Cir. 1998); *Mickler v. Nimishillen & Tuscarawas Ry. Co.*, 13 F.3d 184, 189 (6th Cir. 1993).

This Court lacks subject matter jurisdiction over Plaintiff's "as-applied" challenge to MICH. COMP. LAWS § 600.2963. *See Howard v. Whitbeck*, 382 F.3d 633, 639-40 (6th Cir. 2004) (affirming the dismissal of an as-applied challenge to MICH. COMP. LAWS § 600.2963). The Supreme Court has held that federal district courts have no authority to review final judgments of state-court judicial proceedings, as jurisdiction to review state-court decisions rests exclusively with the Supreme Court. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983);

*Gottfried v. Med. Planning Servs., Inc.*, 142 F.3d 326, 330 (6th Cir. 1998).  A loser in the state court may not be heard in the federal district court on complaints of injuries by a state-court judgment rendered before the federal proceeding commenced.  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005).  Even constitutional claims that are inextricably intertwined with the state-court decisions are not reviewable.  *Feldman*, 460 U.S. at 483 n.16; *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Patmon v. Michigan Supreme Court*, 224 F.3d 504, 509-10 (6th Cir. 2000); *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995).  A federal claim is inextricably intertwined with the state-court judgment "'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.'"  *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 391 (6th Cir. 2002) (quoting *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998)) (other internal citations omitted); *see also Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003) (where a party losing in state court seeks to challenge the state-court judgment, the *Rooker-Feldman* doctrine bars federal district court jurisdiction); *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (holding that, under the *Rooker- Feldman* doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.").

Plaintiff's claims are "inextricably intertwined" with decisions of the state courts because they amount to nothing more nor less than a "prohibited appeal" from the decisions of the Michigan state courts in ordering Plaintiff to pay the initial partial filing fee, not suspending that fee,

and ultimately not accepting his appeal. *Howard*, 382 F.3d at 639-40 (holding that the *Rooker-Feldman* doctrine bars a Michigan prisoner from challenging the application of MICH. COMP. LAWS § 600.2963 to his appellate proceedings). The recourse available to Plaintiff in response to any adverse state-court decisions was to apply for a writ of *certiorari* to the United States Supreme Court. *See Gottfried*, 142 F.3d at 330 ("[L]ower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments."). Because the *Rooker-Feldman* doctrine clearly precludes a lower federal court from reviewing state-law decisions, Plaintiff's "as-applied" challenge is dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.

Moreover, any facial challenge to MICH. COMP. LAWS § 600.2963 is without merit. "To succeed in a facial attack on a statute, Plaintiff must establish that no set of circumstances exists under which the statute would be valid . . . or that the statute lacks any plainly legitimate sweep." *United States v. Stevens*, 559 U.S. 460, 130 S. Ct. 1577, 1587 (2010). In *Smith*, 356 U.S. at 713-14, the Supreme Court held that a state violates the Equal Protection Clause when it denies an indigent prisoner the right to file a habeas corpus proceeding on the basis of his inability to pay the filing fee. *Id.* By its express terms, § 600.2963(7) permits a prisoner who is unable to pay the filing fee or an initial partial filing fee at the time of filing to proceed in his action without first paying that partial filing fee. The mere fact that the prisoner may be required to pay the fee at some time in the future when he has the funds does not in any way discriminate against the prisoner on the basis of his indigency, nor does it deny him access to the courts, as non-indigent persons must pay the filing fee, too. On its face, therefore, § 600.2963 does not impose a constitutional injury. The only injury occurs if a state judge improperly denies a prisoner the right to proceed without prepayment of the

filing fee – an as-applied challenge that is barred by the *Rooker-Feldman* doctrine.  *See  Carney v. Christiansen*, 375 F. App'x 494, 497 n.3 (6th Cir. 2010) ("Inasmuch as the putative injury – i.e., that Carney could be perpetually denied access to the Michigan courts due to his indigency while incarcerated – could not occur purely as a result of legislative, administrative or ministerial proceedings, but only as the result of discretionary judicial decisions, . . it is apparent that this facial challenge is illusory.") (internal quotations and citations omitted).

In sum, to the extent Plaintiff challenges Section 600.2963 of the Michigan Compiled Laws, either as-applied or on its face, he fails to state a claim.

To the extent Plaintiff does not succeed in pursuing his claims asking this court to compel the state courts to act, Plaintiff asks this Court to act directly and award him the "good time" promised by the sentencing court in 1979.  Such a claim challenges the duration of Plaintiff's confinement.  The Supreme Court has limited the availability of § 1983 actions for prisoners in a series of cases, the most pertinent of which is *Heck v. Humphrey*, 512 U.S. 477 (1994).  The Sixth Circuit recently explained the bar that *Heck* places on § 1983 suits brought by prisoners:

> Federal courts have long recognized the potential for prisoners to evade the habeas exhaustion requirements by challenging the duration of their confinement under 42 U.S.C. § 1983, rather than by filing habeas petitions. Consequently, the Supreme Court recognized a "habeas exception" to § 1983 in *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L. Ed. 2d 439 (1973), when it held that suits challenging the fact or duration of confinement fall within the traditional scope of habeas corpus and accordingly are not cognizable under § 1983.  The Court expanded the habeas exception to § 1983 in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997).  In *Heck*, the Court determined that, unless a prisoner's conviction or sentence were previously set aside by a separate legal or administrative action, § 1983 would not countenance claims for damages if a finding for the plaintiff would *necessarily invalidate* a conviction or sentence. And in *Balisok*, the Court concluded that a prisoner cannot use § 1983 to challenge prison procedures employed to deprive him of good-time credits when the . . . procedural defect alleged would,

- 11 -

if established, "necessarily imply the invalidity of the punishment imposed." 520
U.S. at 648, 117 S. Ct. at 1584.

*Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007) (emphasis in original). The holding in *Heck* has

been extended to actions seeking injunctive or declaratory relief. *See Edwards v. Balisok*, 520 U.S.

641, 646-48 (1997) (declaratory relief); *Clarke v. Stadler*, 154 F.3d 186, 189-90 (5th Cir. 1998)

(claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035,

1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive).  In *Wilkinson v. Dotson*, 544 U.S. 74,

81-82 (2005), the Supreme Court held "that a state prisoner's § 1983 action is barred (absent prior

invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the

prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that

action would necessarily demonstrate the invalidity of confinement or its duration.") (emphasis in

original).  Accordingly, Plaintiff's claim under § 1983 asking this court to award him "good time"

is barred.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court

determines that Plaintiff's action will be dismissed for reasons of immunity and failure to state a

claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith

within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611

(6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no

good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the

$505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless

Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).

If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated: <u>May 27, 2016</u>                    <u>/s/ Robert Holmes Bell</u>
                                         ROBERT HOLMES BELL
                                         UNITED STATES DISTRICT JUDGE